IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON PRICE, | § | |
| #2024817, | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:23-CV-1526-L-BK |
| | § | |
| THE STATE OF TEXAS, | § | |
| RESPONDENT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, Petitioner Brandon Price's *pro se* motion seeking an extension of time to file a federal habeas petition under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate.  Doc. 3.  Price also filed an affidavit and motions for a bench warrant and discovery.  Doc. 4; Doc. 5; Doc. 6.  Upon review of the relevant pleadings and applicable law, it is recommended that the request for extension of time be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and, without regard to their merit or lack thereof, the motions for bench warrant and discovery should be **DENIED** as moot.

Price requests a 90-day extension to prepare a federal habeas petition challenging his state court convictions in cause numbers F14-75751-Q and F14-75750-Q.  Doc. 3 at 1.  He states that he recently learned of alleged constitutional violations.  But his request is not accompanied by even a skeletal § 2254 petition.  Price filed instead an affidavit and motion for discovery and

for production of documents, which vaguely reference a § 2254 petition that has not yet been yet. Doc. 4 at 1; Doc. 5.[1]

Federal courts lack jurisdiction to consider the timeliness of a § 2254 petition until it is actually filed. *See United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. Apr. 6, 2005) (per curiam) ("Before the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'" (quoting *United States v. Leon,* 203 F.3d 162, 163 (2d Cir. 2000) (per curiam))). Thus, until Price files a § 2254 petition, there is neither an adverse party before the Court nor a concrete dispute for the Court to decide. *See, e.g.*, *United States v. Bautista*, 548 F. App'x 254, 254 (5th Cir. 2013) (per curiam) (affirming denial of motion for extension of time to file a motion to vacate sentence under 28 U.S.C. § 2255 because the district court lacked jurisdiction to entertain the motion for extension of time); *see also Braz v. Thaler*, No. 3:11-CV-993-M-BK, 2011 WL 2314086, at *1 (N.D. Tex. May 20, 2011), *R. & R. accepted*, 2011 WL 2312292, at *1 (N.D. Tex. Jun. 9, 2011) (dismissing for want of jurisdiction motion to extend time to file § 2254 petition).

Moreover, neither the Rules Governing Habeas Cases under § 2254 nor the Federal Rules of Civil Procedure contemplate the filing of a motion for extension of time to file a federal habeas petition. Furthermore, the habeas corpus statute does not authorize federal courts to prospectively extend, stop, or toll the one-year statute of limitations. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2244(d).

For all these reasons, Price's request for extension of time to file a habeas corpus petition under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** for

---

[1] Forms necessary for filing a habeas petition and motion to proceed *in forma pauperis* are available in the law library of the prison unit in which Price is confined.

want of jurisdiction² and motions for a bench warrant and discovery **DENIED AS MOOT**.

**SO RECOMMENDED** on July 28, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

² The Court does not express any opinion on the timeliness or untimeliness of any future § 2254 petition that Price may file at a later date. *See* 28 U.S.C. § 2244(d) (imposing a one-year statute of limitations for filing habeas corpus petitions in federal court); *see also Hardaway v. Davis*, 684 F. App'x 444, 448 (5th Cir. 2017) (finding motion for extension of time, standing alone, could not toll one-year limitations period for filing a federal habeas petition).